### REGULATION OF THE SALE OF ICE CREA.

Circuit Court of Cuyahoga County.

NEMIS METROPOLIS v. CITY OF ELYRIA.

Decided, October 14, 1912.

*Municipal Corporation—Constitutional Law—Forbidding Sale of Ice Cream in Public Places Except in Certain Receptacles—Valid Exercise of Police Power.*

An order or regulation of a city board of health, forbidding the sale of ice cream on highway or public grounds of the city unless contained in sealed or locked cans or other containers approved by the board of health, is a valid exercise of police power, and is constitutional.

*Fauver & Rice*, for plaintiff in error.

*G. B. Findlay*, contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

The plaintiff in error was convicted in the mayor's court of the city of Elyria on a charge of selling ice cream in quantities less than a pint and not contained in sealed or locked cans, or other containers, approved by the board of health of the city of Elyria. On a review of the case on error in the court of common pleas, the judgment of the mayor's court was affirmed. A reversal of the judgment of the court of common pleas, affirming the judgment of the mayor's court, is sought in this proceeding.

The offense of which the plaintiff in error was convicted was a violation of Section 8 of an order and regulation of the board of health of the city of Elyria, regulating the manufacture and sale of ice cream within the said city. The section in question reads as follows:

"No person, by himself or by his servant, agent or employee, or as a servant, agent or employee of another person, partnership or corporation, shall sell or offer for sale on any of the highways or public grounds within the said city of Elyria, any ice cream, nut ice cream, fruit ice cream or French ice cream, except in quantities of at least one pint, and contained in sealed or locked cans

or other containers, approved by the board of health of the said city of Elyria.''

The evidence contained in the bill of exceptions shows that the plaintiff in error sold ice cream cones upon the streets of the city of Elyria in quantities of less than one pint, which were not contained in sealed or locked cans or other containers approved by the board of health of said city. This fact is conceded and it is admitted that the conviction of the plaintiff in error must be sustained unless said Section 8 is repugnant to the Constitution, and therefore void.

It is contended on behalf of the plaintiff in error that Section 8, above quoted, is unconstitutional and void because it is an unnecessary and unreasonable regulation and not related or adapted to the ends sought to be attained. The power delegated to boards of health to provide measures for the protection of the public health is very broad. It is practically co-extensive with the necessities that may arise for the purpose indicated. The authority for the exercise of such power is referable to the police power inherent in the state. The only limitation on the exercise of the police power of the state, whether for the preservation of the public health, or for any other purpose, is stated in *Stage* v. *Boone,* 84 O. S., 346, as follows:

''To justify the state in thus interposing its authority in behalf of the public, it must appear, first, that the interests of the public generally, as distinguished from those of a particular class, require such interference; and second, that the means are reasonably necessary for the accomplishment of the purpose, and not unduly oppressive upon individuals.''

The purpose of Section 8 of the order and regulation of the board of health of the city of Elyria was undoubtedly the protection of the health of its inhabitants, and especially of its children, which might be endangered by the unsanitary conditions attending the sale of ice cream in the streets of the city, and on other public property, as well as the danger of the contamination by flying dust incident to eating ice cream in the streets. This is a perfectly legitimate subject for the exercise by the board of health of its power.

Reference to the language of Section 8 discloses that two things are forbidden by it. First, the sale of ice cream in quantities of less than a pint; and, second, the sale of ice cream in any form except in sealed or locked cans or other containers approved by the board of health.

It seems clear that the second part of the section under consideration is a perfectly proper regulation and one against which no constitutional criticism can be aimed. It is appropriate to the purpose in view and is adapted to the end sought and there is nothing unreasonable in requiring those who wish to sell ice cream on the city streets and other public property to take the sanitary measures provided in the regulation to protect their ice cream from exposure to the dust and to prevent other undesirable conditions which might prevail in the absence of such a regulation. As we understand it, this is conceded and the attack directed against the prohibition of sales in quantities of less than one pint.

In our view of the case, the facts before us do not call for a decision on the validity of this particular part of Section 8. The two parts are separable and where such is the case that which is constitutional and valid can be upheld. The principle is the same in dealing with a regulation like this as that which has been repeatedly applied by the court in upholding that part of a statute which is not repugnant to the Constitution and rejecting the unconstitutional part where the two parts are not so inseparably connected in subject-matter and so related to each other as to give rise to a presumption that a part would not have been enacted without the whole. Railroad v. Commissioner, 31 O. S., 338; Gibbons v. Catholic Institute, 34 O. S., 289.

Even, therefore, if that part of Section 8 dealing with the quantity of ice cream that may be sold in the streets or on public grounds of Elyria should be held void, that part dealing with the sale of the article in closed cans or retainers would stand as a valid regulation.

The facts show that the plaintiff in error sold ice cream cones that were not contained as required by the regulation, and regardless of the validity of the other part of Section 8, his conviction must be sustained.

The judgment of the court of common pleas is affirmed.